2012-1628

---

## UNITED STATES COURT OF APPEALS FOR THE FEDERAL CIRCUIT

---

INTERDIGITAL COMMUNICATIONS, LLC,
INTERDIGITAL TECHNOLOGY CORPORATION,
and IPR LICENSING, INC.,

Appellants,

v.

INTERNATIONAL TRADE COMMISSION,

Appellee,

and

LG ELECTRONICS, INC., LG ELECTRONICS USA, INC.,
and LG ELECTRONICS MOBILECOMM U.S.A., INC.,

Intervenors.

---

On Appeal from the United States International Trade Commission
in Investigation No. 337-TA-800.

---

## APPELLEE INTERNATIONAL TRADE COMMISSION'S RESPONSE TO INTERVENORS' COMBINED PETITION FOR PANEL REHEARING AND REHEARING EN BANC

PANYIN A. HUGHES
Attorney for Appellee
Office of the General Counsel
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436
Telephone (202) 205-3042

PAUL R. BARDOS
Acting General Counsel
Telephone (202) 205-3102

WAYNE W. HERRINGTON
Assistant General Counsel
Telephone (202) 205-3090

# TABLE OF CONTENTS

PAGE

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEEDINGS BEFORE THE COMMISSION . . . . . . . . . . . . . . . . . . . . . . . 2

THE MAJORITY OPINION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.   The Plain Language of the Statute, Its Legislative History, and the
     Weight of this Court's Precedent Establish that this Court Has No
     Jurisdiction to Entertain InterDigital's Appeal . . . . . . . . . . . . . . . . . . . . . 5

     A.   The Plain Text of the Statute Evinces that Congress Chose
          to Limit Judicial Review to Commission Final Determinations
          That Impact Subsections (d), (e), (f), or (g) . . . . . . . . . . . . . . . . . . 5

     B.   The Legislative History of Section 337 Shows that Congress
          Acted Deliberately . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

     C.   This Court has Found Jurisdiction Only Where Commission
          Determinations Impact Subsections (d), (e), (f), or (g) . . . . . . . . . . 7

II.  The Panel Erroneously Supplanted the Arbitrator's Exclusive
     Jurisdiction to Determine Issues of Arbitrability . . . . . . . . . . . . . . . . . . . 11

     A.   The Commission's Understanding and Application of
          Qualcomm as Prohibiting Consideration of the Merits
          Is Supported by Supreme Court Precedent and Precedent
          from Sister Circuits . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

     B.   The Commission's Understanding and Application of
          Qualcomm's "Wholly Groundless" Test Is Consistent
          With How Other Courts Have Applied the Test . . . . . . . . . . . . . . . 14

# TABLE OF AUTHORITIES

**PAGE(S)**

## FEDERAL CASES

*Agere Sys., Inc. v. Samsung Elecs. Co.,*
  560 F.3d 337 (5th Cir. 2009) .......................................................... 14

*Allied Corp. v. U.S. Int'l Trade Comm'n,*
  850 F.2d 1573 (Fed. Cir. 1988) ...................................................... 10

*Block v. U.S. Int'l Trade Comm'n,*
  777 F.2d 1568 (Fed. Cir. 1985) ................................................... 8, 10

*In Re Checking Account Overdraft Litig. MDL No. 2036,*
  674 F.3d 1252 (11th Cir. 2012) ...................................................... 14

*Cleveland Elec. Illuminating Co. v. Utility Workers Union,*
  440 F.3d 809 (6th Cir. 2006) .......................................................... 13

*Crucible Materials Corp. v. Int'l Trade Comm'n,*
  127 F.3d 1057 (Fed. Cir. 1997) ........................................................ 5

*Fallo v. High-Tech Inst.,*
  559 F.3d 874 (8th Cir. 2009) .......................................................... 13

*Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd.,*
  683 F.3d 18 (1st Cir. 2012) ............................................................ 14

*Farrel Corp. v. U.S. Int'l Trade Comm'n,*
  949 F.2d 1147 (Fed. Cir. 1991) ..................................................... 8, 9

*Green Tree Fin. Corp.-Alabama v. Randolph,*
  531 U.S. 79 (2000) ...................................................................... 9, 10

*Gross v. FBL Fin. Servs., Inc.,*
  557 U.S. 167 (2009) ........................................................................ 6

# TABLE OF AUTHORITIES CONT'D

*Howsam v. Dean Witter Reynolds, Inc.*,
    537 U.S. 79 (2002) ...................................................... 13

*Import Motors, Ltd. v. U.S. Int'l Trade Comm'n*,
    530 F.2d 940 (C.C.P.A. 1976) ................................................ *passim*

*Momot v. Mastro*,
    652 F.3d 982 (9th Cir. 2011) ............................................ 13

*Qualcomm Inc. v. Nokia Corp.*,
    466 F.3d 1366 (Fed. Cir. 2006) ..................................... 1, 11

*Rent-A-Center, West, Inc. v. Jackson*,
    130 S. Ct. 2772 (2010) ............................................... 11, 13

*Schneider v. Kingdom of Thailand*,
    688 F.3d 68 (2nd Cir. 2012) ........................................... 14

*Traylor v. Horton*,
    2010 U.S. Dist. LEXIS 31046 (M.D. La. 2010) ............................ 15

## FEDERAL STATUTES

19 U.S.C. § 1337 ....................................................... *passim*

28 U.S.C. § 1295 ........................................................... 5

Omnibus Trade and Competitiveness Act of 1988,
    Pub. L. No. 100-418, § 1342 (1988) .................................... 6

Uruguay Round Agreements Act,
    Pub. L. No. 103-465, 108 Stat. 4809 (1994) ........................... 7

Pursuant to this Court's invitation of August 19, 2013, Appellee, the United States International Trade Commission ("the Commission"), hereby responds to the combined petition for panel rehearing and rehearing en banc filed by Intervenors LG Electronics, Inc.; LG Electronics U.S.A., Inc.; and LG Electronics Mobilecomm U.S.A., Inc. (collectively, "LG") in this appeal.

## INTRODUCTION

On June 7, 2013, this Court issued its decision in *InterDigital Communications, LLC v. International Trade Commission* (Appeal No. 2012-1628), an appeal from the Commission's termination of LG from the ongoing Commission investigation in *Certain Wireless Devices with 3G Capabilities and Components Thereof,* Investigation No. 337-TA-800, based on an arbitration agreement between complainants and LG. The panel majority (Judge Prost and Judge Bryson) reversed and remanded the Commission's termination of LG from the investigation, holding (1) that the Court had jurisdiction to hear the appeal and (2) that the Commission misapplied this Court's decision in *Qualcomm Inc. v. Nokia Corp.*, 466 F.3d 1366 (Fed. Cir. 2006) when it terminated LG from the investigation. The dissent (Judge Lourie) would have dismissed Appellants' appeal for lack of jurisdiction, but otherwise agreed with the majority.[1]

---

[1] The majority opinion will be cited herein as "Slip Op." and the dissenting opinion as "Dis. Op."

## PROCEEDINGS BEFORE THE COMMISSION

The Commission instituted the underlying investigation based on a complaint filed by InterDigital Communications, LLC; InterDigital Technology Corporation; and IPR Licensing, Inc. (collectively, "InterDigital"). A114076-83. The complaint and notice of investigation, as subsequently amended, alleged violations of section 337 of the Tariff Act of 1930, as amended, 19 U.S.C. § 1337, by reason of infringement of certain claims of several U.S. Patents and named various respondents, including LG. A115408-17.

LG filed a motion to terminate the investigation as to the LG respondents based upon an arbitration clause in a license agreement between LG and InterDigital. A115418-697. The license agreement expired on December 31, 2010, but included a survival clause providing that many of the agreement's provisions survived expiration. *Id.* The presiding Administrative Law Judge ("ALJ") granted the motion and the Commission determined not to review his ruling. A36-45, A32-35. In reaching his decision, the ALJ observed that section 337(c) permits the Commission to terminate an investigation based on an agreement to arbitrate (19 U.S.C. § 1337(c)). The ALJ then applied this Court's decision in *Qualcomm* and found that it was undisputed that InterDigital and LG "clearly and unmistakably" delegated to the arbitrator the task of deciding whether

2

their dispute was arbitrable. A36-45. That being the case, the ALJ then considered whether LG's assertion of arbitrability was "wholly groundless," as required by *Qualcomm. Id.* He found that LG overcame that threshold because its claim that it has a continuing license for the accused products under the terms of the agreement is a dispute "arising under" the agreement. A44-45. He rejected arguments that the text of the agreement did not support LG's license defense, finding such arguments to be on the merits of that defense, a matter reserved for the arbitrator, *i.e.*, he took the position that his inquiry under the "wholly groundless" test was limited to whether the nature of the dispute was such that it was one "arising under" the agreement. *Id.*

## THE MAJORITY OPINION

The panel majority concluded that the Court had jurisdiction to entertain InterDigital's appeal of the Commission's order terminating LG from the investigation. Slip Op. 3. The majority relied largely on *Import Motors, Ltd. v. U.S. International Trade Commission*, 530 F.2d 940, 945-46 (C.C.P.A. 1976). Based on *Import Motors*, the majority reasoned that the Commission's termination of LG from the investigation was equivalent to a final determination because it "has 'the same operative effect, in terms of economic impact,' as a final determination." Slip Op. 15. The majority acknowledged that the Commission

3

left the door open for InterDigital to refile its complaint against LG in the event

the arbitrator were to find that the dispute is not arbitrable. Slip Op. at 15. In the

majority's view, however, because InterDigital could not refile its complaint

immediately but had to await the outcome of the arbitrator's decision on

arbitrability, the ensuing delay rose to the level of a Commission final

determination. *Id.*

Having found that it had power to review the Commission's decision, the

panel noted that "the parties clearly and unmistakably intended to delegate the

question of arbitrability to an arbitrator" and then proceeded to address whether

LG's arguments were "wholly groundless." Slip Op. at 18. The panel did not

address or express disagreement with the ALJ's finding that LG's claims of a

continuing license was a dispute "arising under" the agreement. Rather, the panel

examined the text of the agreement to find that LG's assertion of arbitrability was

not "plausible" (a term not used in *Qualcomm*) and therefore was "wholly

groundless." Slip Op. at 19-21.

## ARGUMENT

I.    **The Plain Language of the Statute, Its Legislative History, and the Weight of this Court's Precedent Establish that this Court Has No Jurisdiction to Entertain InterDigital's Appeal**

    A.    **The Plain Text of the Statute Evinces that Congress Chose to Limit Judicial Review to Commission Final Determinations That Impact Subsections (d), (e), (f), or (g)**

The Federal Circuit has exclusive jurisdiction over appeals of final determinations of the Commission made under 19 U.S.C. § 1337. *See* 28 U.S.C. § 1295(a)(6); 19 U.S.C. § 1337(c). The Court's jurisdiction, however, is limited to review of Commission final determinations made under subsections (d), (e), (f), or (g) of the statute. 19 U.S.C. § 1337(c); *Crucible Materials Corp. v. Int'l Trade Comm'n*, 127 F.3d 1057, 1060 (Fed. Cir. 1997) ("Final determinations appealable under § 1295(a)(6) are specified in § 1337(c)").

Section 337(c) expressly provides in relevant part:

> Any person adversely affected by **a final determination of the Commission under subsection (d), (e), (f), or (g) [of this section]** may appeal such determination, within 60 days after the determination becomes final, to the United States Court of Appeals for the Federal Circuit for review in accordance with chapter 7 of title 5.

19 U.S.C. § 1337(c) (emphasis added). The statute does not provide for appellate review for termination based on an arbitration agreement under subsection (c).

*See* 19 U.S.C. § 1337(c) (allows the Commission to terminate an investigation in whole or part "on the basis of an agreement between the private parties to the investigation, including an agreement to present the matter for arbitration" without making a violation determination on the merits); *see* Dis. Op. at 2-3.

### B. The Legislative History of Section 337 Shows that Congress Acted Deliberately

The relevant legislative history of section 337 indicates that Congress deliberately chose not to grant appellate review for Commission decisions to terminate a party from an investigation based on an arbitration agreement. When Congress amended section 337 to allow the Commission to terminate investigations based on consent orders or settlement agreements in 1988, it also added a new subsection (g) governing termination of investigations based on default. Omnibus Trade and Competitiveness Act of 1988, Pub. L. No. 100–418, § 1342(a)(2), (5)(B) (1988). Congress at the same time amended the review provision of section 337(c) to grant appellate rights for final determinations made under subsection (g), but did not add similar rights for terminations based on consent orders or agreements under subsection (c). *Id.* at § 1342(b)(2)(B); *see Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 174 (2009) ("When Congress amends one statutory provision but not another, it is presumed to have acted

intentionally" and "negative implications raised by disparate provisions are

strongest where the provisions were considered simultaneously when the language

raising the implication was inserted.") (internal citations omitted). Similarly,

when Congress amended section 337(c) in 1994 to include termination on the

basis of an arbitration agreement as a ground for termination of an investigation

without a final violation ruling, it did not provide for a right to appeal Commission

decisions rendered under this exception. *See* Uruguay Round Agreements Act,

Pub. L. No. 103-465, 321(a)(2)(A), 108 Stat. 4809, 4943-44 (1994).

### C.    This Court Has Found Jurisdiction Only Where Commission Determinations Impact Subsections (d), (e), (f), or (g)

The majority finds its authority to hear InterDigital's appeal from *Import*

*Motors, Ltd. v. U.S. International Trade Commission*, 530 F.2d 940 (C.C.P.A.

1976). Slip Op. at 9-10. In *Import Motors*, this Court stated that it had appellate

jurisdiction only where the appealed Commission determination is a final

determination to exclude or not exclude imports under subsections (d), (e), or (f)

or is equivalent to such a final determination. The Court in *Import Motors*

dismissed the appeal of a Commission determination to terminate distributors from

an investigation for lack of jurisdiction stating that the "Commission's order did

not terminate appellants' participation in the entire investigation" but that the

appellant could rejoin the investigation at a later date. *Import Motors*, 530 F.2d at 946. That is, as here, because the party could rejoin the investigation at a later date, the Commission had not made a final determination.

As the majority notes, the *Import Motors* Court did state that "[a]n order of the Commission terminating participation in a preliminary proceeding, or terminating participation in all proceedings, could have the same operative *effect,* in terms of economic impact upon those terminated, as a final determination under subsections (d) and (e)." *Id.* at 945-46. However, given the holding in *Import Motors* and subsequent precedent from this Court, and consistent with the authorizing statute and legislative history, that statement can best be understood as a reference to Commission terminations with prejudice. *See Block v. U.S. Int'l Trade Comm'n*, 777 F.2d 1568, 1571 (Fed. Cir. 1985) ("Although the [Commission] order did terminate this investigation, it was without prejudice. Appellant is free to request a second investigation [under section 337] based on the reexamined claims . . . .").

*Farrel Corp. v. U.S. International Trade Commission*, 949 F.2d 1147 (Fed. Cir. 1991), which the majority cites with approval, supports this understanding.[2]

---

[2] *Farrel* was a pre-1994 case involving a Commission termination because of an arbitration agreement.

*See* Slip Op. at 14-15. In *Farrel*, this Court viewed the Commission's dismissal as being "with prejudice," stating that "since petitioner cannot request reopening, [it] must be considered a final determination" and thus subject to the Court's review. *Id.* at 1151 n.4.

The majority recognized that here InterDigital might be able to renew its claims against LG at the Commission, depending on the decision of the arbitrator. Nevertheless, the majority found because some time would pass before the arbitrator's decision, the Commission's order would have "the same operative effect, in terms of economic impact" as a final determination. Slip Op. at 15 (quoting *Import Motors*, 530 F.2d at 945-46). However, the passage of time here is not substantively different than the passage of time in *Import Motors*, where this Court found no jurisdiction.

The majority cites to *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000) and circuit cases relying on that decision for support, stating that those cases stand for the proposition that under the Federal Arbitration Act ("FAA") a district court order accompanied by a dismissal is appealable whether the dismissal is with or without prejudice. Slip Op. at 16. However, the Commission did not terminate LG pursuant to the FAA, but under section 337(c). As discussed above, section 337(c) case law has developed differently, *i.e.*,

9

whether a termination is with or without prejudice does make a difference. The Commission notes that if terminations under section 337(c) were governed by the jurisprudence under the FAA, then, presumably, the Commission would have the same option that district courts have, *i.e.*, it could dismiss the investigation or it could stay the investigation, the latter being ordinarily unappealable under FAA jurisprudence. *Green Tree*, 531 U.S. at 87 n.2.

As to *Allied Corp. v. U.S. International Trade Commission*, 850 F.2d 1573 (Fed. Cir. 1988), referred to by the majority (Slip Op. at 13 n.9), the Court found jurisdiction because the Commission decision there impacted subsections (d), (e), or (f), stating "when [the Commission] actually modifies [an exclusion order] and issues the modified order it is making an appealable final determination under subsection (d), (e), or (f)." *Allied Corp.*, 850 F.2d at 1580.

As in *Block*, the Commission's decision to terminate LG from the ongoing Commission investigation is not an appealable final determination as the dissent observed. *See* Dis. Op. at 4. A possible delay in adjudicating InterDigital's complaint against LG, a delay caused by an agreement between InterDigital and LG, cannot give rise to a Commission final determination. If the arbitrator finds jurisdiction over the dispute, then as the dissent observes, the parties "should not have been before the Commission at all." Dis. Op. at 4.

II.     **The Panel Erroneously Supplanted the Arbitrator's Exclusive
        Jurisdiction to Determine Issues of Arbitrability**

There is no dispute that the parties delegated the task of determining

arbitrability to the arbitrator.  Slip Op. at 18.  There is also no dispute that the

question the Commission confronted (and which is now before this Court) deals

with arbitrability, specifically the arbitrability of LG's claim that, under the terms

of the agreement, it has a continuing license.  By definition this is a question

arising under the agreement.  Under binding Supreme Court precedent the

arbitrator has exclusive authority to answer this question.  *See Rent-A-Center,*

*West, Inc. v. Jackson*, 130 S. Ct. 2772 (2010) (ruling that unless an arbitration

provision delegating issues of arbitrability to the arbitrator is challenged as invalid

[no challenge here], the clause must be enforced).  By ruling on the issue of

arbitrability, the panel improperly supplanted the role of the arbitrator.

A.     **The Commission's Understanding and Application of *Qualcomm*
       as Prohibiting Consideration of the Merits Is Supported by
       Supreme Court Precedent and Precedent from Sister Circuits**

In light of Supreme Court precedent and language from *Qualcomm*, the

Commission understood the "wholly groundless" test as a limited inquiry into

whether the assertion of arbitrability was connected to the license agreement.  *See*

*Qualcomm*, at 1373-74 (describing the "wholly groundless" test as "preventing a

11

party from asserting any claim at all no matter how divorced from the parties

agreement . . ." and cautioning lower tribunals that "any inquiry beyond a 'wholly

groundless' test would invade the province of the arbitrator, whose arbitrability

judgment the parties agreed to abide by . . ."). Conducting this limited check, the

Commission concluded that LG's assertion of arbitrability was not "wholly

groundless" because the issue of whether LG was licensed was one arising under

the agreement and resolution of the issue involved delving into the merits of the

dispute, a responsibility that the parties explicitly had delegated solely to the

arbitrator. *See* A36-45.

The panel criticizes the Commission for failing "to construe the provisions

in the agreement cited by LG to the limited extent necessary to assess whether its

arguments were plausible." Slip Op. at 19. This new "plausibility" test is

different from the "wholly groundless" test in *Qualcomm*. It invites tribunals to

invade the province of the arbitrator and decide issues of arbitrability even where

there is no dispute that the parties have delegated the arbitrability decision to the

arbitrator. Indeed, this is exactly what the panel did, even though this very issue is

currently pending before an arbitration tribunal.[3] *See* LG Pet. at 4. The panel's

---

[3] If the arbitration proceeds, it is unclear how any conflict between the
arbitrator and the panel on the issue of arbitrability would be resolved.

decision is in conflict with Supreme Court precedent, holding that courts must refrain from deciding arbitration issues delegated to arbitrators. *See, e.g., Rent-A-Center*; *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (ruling that if an arbitration agreement delegates certain issues to an arbitrator, those issues must be decided by the arbitrator).

The panel's decision is also in conflict with sister circuits, which following the Supreme Court's lead, have consistently honored arbitration agreements that delegate arbitrability to an arbitrator and refrained from invading the arbitrator's province. *See, e.g., Fallo v. High-Tech Inst.*, 559 F.3d 874, 879-80 (8th Cir. 2009) ("We find that the district court erred when it held that it had the authority to determine the question of arbitrability because the parties' incorporation of the AAA Rules is clear and unmistakable evidence that they intended to allow an arbitrator to answer that question."); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011) ("Because the parties' agreement clearly and unmistakably indicates their intent for arbitrators to decide the threshold question of arbitrability, we hold that the district court erred in failing to stay the action[.]"); *Cleveland Elec. Illuminating Co. v. Utility Workers Union*, 440 F.3d 809, 813 (6th Cir. 2006) ("[I]f the parties 'clearly and unmistakably' submit the issue [of arbitrability] to the arbitrator 'without reservation,' then the parties have waived their right to have a

court make the decision."); *In Re Checking Account Overdraft Litig. MDL No. 2036,* 674 F.3d 1252, 1256-57 (11th Cir. 2012) ("Under the delegation provision, therefore, the decision of whether Given's claims are within the scope of the arbitration agreement is a decision for an arbitrator, and the district court erred in making that decision itself."); *Fantastic Sams Franchise Corp. v. FSRO Ass'n Ltd.,* 683 F.3d 18, 25–26 (1st Cir. 2012) (affirming lower court's decision to send arbitrability question to arbitrator because the parties' agreement delegated that task to the arbitrator); *Schneider v. Kingdom of Thailand,* 688 F.3d 68, 71–74 (2nd Cir. 2012) (holding that a party was not entitled to judicial determination because the issue had been delegated to the arbitrator).

**B.     The Commission's Understanding and Application of *Qualcomm's* "Wholly Groundless" Test Is Consistent With How Other Courts Have Applied the Test**

Courts applying the "wholly groundless" test of *Qualcomm* have applied the test as a limited inquiry regarding whether or not the assertion of arbitrability is connected to the agreement. In *Agere Systems, Inc. v. Samsung Electronics Co.,* 560 F.3d 337, 339-40 (5th Cir. 2009), a case cited by the panel, the Fifth Circuit reversed a lower court's decision with instructions to allow an arbitrator to determine the arbitrability issue even though the agreement at issue itself did not contain an arbitration provision. The arbitration provision relied on was from an

expired parent agreement. The Fifth Circuit, applying *Qualcomm's* "wholly groundless" test, nonetheless reversed for the arbitrator to make the arbitrability determination. *See also Traylor v. Horton*, 2010 U.S. Dist. LEXIS 31046 at *15 (M.D. La. 2010) ("The 'wholly groundless' standard seems to be closer to what is often described as a 'colorable' claim" . . .).

To reach its decision that LG's assertion of arbitrability was "wholly groundless," the panel had to interpret and apply various provisions of the license agreement. *See* Slip Op. 19-21. Such analysis regarding the merits of LG's licensing claim appear to reach beyond the limited inquiry mandated by *Qualcomm*, in view of the parties' agreement to delegate arbitrability decisions to the arbitrator. The question is not the merits of the arbitrability dispute (whatever they might be), but rather, who is to decide that issue.

Respectfully submitted,

/s/ Panyin A. Hughes
Paul R. Bardos, Acting General Counsel
Wayne W. Herrington, Assistant General Counsel
Panyin A. Hughes, Attorney-Advisor
Office of the General Counsel
U.S. International Trade Commission
500 E Street, SW, Suite 707
Washington, DC 20436
(202) 205-3042

Date: September 17, 2013

15

## CERTIFICATE OF SERVICE

I, Panyin A. Hughes, hereby certify on this 17th day of September 2013 that I am

electronically filing the **APPELLEE U.S. INTERNATIONAL TRADE**

**COMMISSION'S RESPONSE TO INTERVENORS' COMBINED**

**PETITION FOR PANEL REHEARING AND REHEARING EN BANC** using

the Court's CM/ECF system, which will send notification to the following:

**On behalf of Interdigital Communications, LLC,
Interdigital Technology Corporation, and IPR Licensing,
Inc.:**

Richard P. Bress, Esq.
**LATHAM & WATKINS LLP**
555 Eleventh Street, NW
Suite 1000
Washington, DC 20004
richard.bress@lw.com

**On behalf of LG Electronics, Inc., LG Electronics USA, Inc.,
and LG Electronics Mobilecomm USA, Inc.:**

Michael J. McKeon, Esq.
**FISH & RICHARDSON, P.C.**
1425 K Street, NW
Washington, DC 20005-3500
mckeon@fr.com

/s/ Panyin A. Hughes
Panyin A. Hughes
Attorney for Appellee
U.S. International Trade Commission
500 E Street, S.W.
Washington, DC 20436
panyin.hughes@usitc.gov